IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CASE NO. 2:11-cr-057-MEF |
| | ) | (WO - Publish) |
| WILLIAM PAUL | ) | |

**O R D E R**

This cause is before the Court on Defendant William Paul's Motion for New Trial (Defendant's "first motion for new trial") (Doc. #131), and Defendant's Motion for New Trial and Motion for Clarification or Reconsideration, Reversal of Conviction and Directing the Entry of a Judgment of Acquittal (Defendant's "second motion for new trial") (Doc. #134). For the following reasons, both motions are due to be DENIED.

**Defendant's First Motion for New Trial**

The United States filed a Brief/Response in Opposition to Defendant's first motion for new trial on January 6, 2012 (Doc. #133). The Court finds the Government's arguments in opposition to Defendant's motion for new trial thorough and persuasive. For this reason, the Court ADOPTS the factual background and reasoning set forth in the United States' brief. Based on the arguments made by the Government, Defendant's Motion for New Trial (Doc. #131) is due to be DENIED.

Additionally, in his first motion, Defendant makes much of the fact that he was denied effective assistance of counsel. Defendant's assertion that his representation of

1

himself was ineffective is the only legally accurate statement in all of the 147 pages filed in support of his new trial motions. During the three day trial of this case, the Court found nothing to contradict the old adage that a lawyer who represents himself has a fool for a client. Indeed, this maxim is even more appropriate when applied to non-lawyers who choose to represent themselves.

This Court played no role in denying Defendant effective assistance of counsel. As is Defendant's constitutional right, Defendant opted to represent himself. Defendant was fully apprised of the possible repercussions of this decision before he was allowed to proceed (Order Granting Motion to Proceed Pro Se, Doc. #55). Over the course of two status conferences between this Court, the Defendant, the Federal Public Defender's Office, and the Government, Defendant never indicated that he was seeking to secure counsel. In an effort to help the Defendant help himself, the Court assigned a Federal Public Defender as standby council during trial, in case Defendant wanted advice or changed his mind about representation. In the end, Defendant knowingly asserted his right to represent himself, and now he must live with the result.

## Defendant's Second Motion for New Trial

Defendant's Second Motion for New Trial (Doc. #134) raises many of the same arguments as the first motion, some of which are characterized as responses to the Government (Doc. #134 at 2-3). To the extent Defendant's second motion raises the same issues as the first, that motion is due to be DENIED for the reasons stated above.

Defendant's remaining arguments rely on disputes regarding what the government was responsible for proving and able to prove at trial. For example, Defendant persists in declaring his innocence based on the fact that the income which Donna Paul failed to report to the IRS was not income but was, in fact, a loan (*see, e.g.,* Doc. #134 at 10 ("The loans were considered . . . to be income despite the existence of the contract by the two parties and the fact that loan was written on the checks.")).

As the Government explained at trial, simply calling something a loan does not make it a loan, and the jury found that the payments Defendant characterizes as "loans" were not loans, but income that should have been reported to the IRS. Defendant offers no new evidence to show this is not the case.

As for the "error[s] in jury instruction" alleged by Defendant (*see, e.g.,* Doc. #134 at 17), what Defendant alleges as error is merely a disagreement with the jury's findings. The jury found that Defendant was "required by law or regulation to file a 2007 IRS Form 990 for Rheumatology Specialists A&O (a/k/a Children & Adult Arthritis & Osteoporosis Center, Inc.) to the Internal Revenue Service." (Court's Jury Charge as to William Paul, Doc. #121, at 9). Defendant, in his second motion, conclusorily states "The defendant was **not** required to file a 2007 IRS Form 990 for Rheumatology Specialists A&O (a/k/a Children & Adult Arthritis & Osteoporosis Center, Inc.) to the Internal Revenue Service." (Doc. #134 at 17 (emphasis added)). Defendant presents no new evidence to support this claim. Mere disagreement with a jury's findings is not now, and has never been, a ground

on which a motion for new trial can be granted.

For the reasons stated above, it is hereby ORDERED that Defendant's motion for new trial (Doc. #131) and Defendant's Motion for New Trial and Motion for Clarification or Reconsideration, Reversal of Conviction and Directing the Entry of a Judgment of Acquittal (Doc. #134) are DENIED.

DONE this the 19th day of January, 2012.

                                          /s/ Mark E. Fuller
                                    UNITED STATES DISTRICT JUDGE